**DLD-082** <span style="float:right">**NOT PRECEDENTIAL**</span>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2033
_____

UNITED STATES OF AMERICA

v.

DAVID KIRKLAND, a/k/a CRAZY,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-06-cr-00911-001)
District Judge:  Honorable Katharine S. Hayden

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 10, 2022

Before: KRAUSE, MATEY and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 17, 2022)
_____

OPINION<sup>*</sup>
_____

PER CURIAM

---

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

On March 20, 2009, following a jury trial in the United States District Court for the District of New Jersey, David Kirkland was convicted of conspiracy to transport stolen goods in interstate commerce and two substantive counts of transporting stolen goods in interstate commerce. See 18 U.S.C. §§ 371, 2314. The evidence showed that Kirkland and several co-conspirators burglarized hundreds of affluent homes in New Jersey and then sold the stolen goods in New York. The District Court sentenced Kirkland to 216 months' imprisonment followed by three years of supervised release and ordered him to pay over $2,0000,000 in restitution. His anticipated release date is July 6, 2023.

In June 2020, while he was incarcerated at FCI-Schuylkill, Kirkland filed a motion for compassionate release based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i).[1] In the motion and his supplemental filings,[2] Kirkland asserted that, due to numerous underlying health conditions—including hypertension, high cholesterol, obesity, and his age (53)—he was at risk of serious complications or death should he contract COVID-19. He further asserted that FCI-Schuylkill was not taking

---

[1] It is undisputed that Kirkland complied with § 3582(c)(1)(A)'s thirty-day lapse provision by filing a request for compassionate release with his warden before turning to the District Court. See 18 U.S.C. § 3582(c)(1)(A).

[2] Kirkland was proceeding pro se when he filed his initial § 3582 motion, but the Federal Public Defender subsequently appeared on his behalf and filed a supplemental motion. Kirkland then filed a number of additional pro se documents and motions, including an "emergency renewed motion," which the District Court considered along with the underlying motion.

appropriate precautions to keep the prisoners safe. Lastly, Kirkland contended that the sentencing factors of 18 U.S.C. § 3553(a) weigh in favor of his release because he has served a substantial portion of his sentence and has taken steps toward rehabilitation.

The District Court denied the motion and Kirkland's request for reconsideration thereof. Kirkland appealed. The Government now moves for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's ruling on a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) for an abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4.

The compassionate-release provision states that a district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; "to protect the public from further crimes of the defendant"; and "to provide the defendant with

3

needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(A)–(D).

Upon review, we discern no abuse of discretion in the District Court's decision to deny the motion for compassionate release. First, the District Court did not commit a clear error of judgment in determining that Kirkland had not shown that "extraordinary and compelling reasons" warranted a reduction in his sentence because Kirkland's receipt of two doses of the Pfizer-BioNTech COVID-19 vaccine mitigated the risks presented by his medical conditions and then-recent outbreaks at the prison.

Second, the District Court reasonably determined that several of the § 3553(a) factors—including the need for the sentence to reflect the seriousness of the offense, to provide just punishment for the offense, and to protect the public from further crimes—counseled against compassionate release. The District Court explained that Kirkland's crimes involved a careful and cunning targeting of strangers' homes, and that his conduct had a lasting impact on their peaceful existence. Op.10, ECF No. 259. The District Court emphasized that Kirkland had planned these crimes while he was incarcerated for convictions for similar crimes. The District Court acknowledged that Kirkland had made some efforts at rehabilitation but found it significant that "he continues to describe his conduct as 'non-violent,' and expresses regret in only the most general terms." Id. at 10–11.

Lastly, we see no error in the District Court's decision to deny Kirkland's motion for reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

So we grant the Government's motion and will summarily affirm the District Court's judgment. Kirkland's motions for appointment of counsel are denied. Because we are denying the counsel motions, we deny as moot the application for IFP in support thereof.